IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SUSAN TILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-721-WKW |
| | ) | [WO] |
| LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Susan Till sues Defendants Lincoln National Life Insurance Company ("Lincoln"), Gilliard Health Services, Inc. Disability Plan (Plan 504), and Gilliard Health Services, Inc. Group Term Life Plan (Plan 503) (collectively "the Plans") for various violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1101 *et seq.* Before the court is Defendants' motion to dismiss. (Doc. # 9.)[1] Plaintiff opposes the motion to dismiss (Doc. # 14) and has filed a motion to strike Defendants' Document # 9-1, the "Summary Plan Description," attached to Defendants' motion to dismiss (Doc. # 15). Defendants have replied to Plaintiff's opposition brief and oppose her motion to strike. (Docs. # 17, 18.) Upon consideration of the complaint, the parties' arguments, and relevant law, the court concludes that Defendants' motion

---

[1] All references to page numbers in this opinion are to the pages created by CM/ECF.

to dismiss is due to be granted in part and denied in part and that Plaintiff's motion to strike is due to be denied.

## I.  JURISDICTION AND VENUE

The court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).  Defendants do not contest personal jurisdiction or venue.

## II.  STANDARDS OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).[2]

---

[2] In her brief, Plaintiff characterizes Defendants' motion to dismiss as a motion to strike redundant or duplicative relief per Rule 12(f), and she consequently offers a Rule 12(f) standard of review.  The court rejects Plaintiff's position and finds that Defendants have properly raised their arguments pursuant to Rule 12(b)(6).

## III.  BACKGROUND

Plaintiff resides in Butler County, Alabama, and was employed as a radiology technician by Gilliard Health Services, d/b/a Evergreen Medical Center ("Gilliard").   Gillard purchased long term disability insurance and group life insurance for its employees, including Plaintiff.   Lincoln sold and underwrote Plaintiff's policies.

On December 4, 2012, Plaintiff injured her back at work while assisting a heavy patient on and off an x-ray table.  She immediately stopped working on December 5, 2012, because she was experiencing pain in her lower back and legs – pain that persists today.  Plaintiff's doctors have diagnosed her with spondylotic disease of the thoracic spine and multilevel spondylotic disease of the lumbar spine[3] and have concluded, after consulting with neurosurgeons, that Plaintiff's back problems are too severe for operation and that surgery would not likely yield any significant benefits.

Plaintiff alleges that she meets the Disability Plan's definition of "disabled," but Lincoln refuses to extend long term disability benefits to her.  Per the disability insurance policy, Plaintiff says she should have been provided with twenty-four months of benefits under the policy's "own occupation" definition for disability. During that period, Plaintiff said that she had a "total disability," which is defined

---

[3] Spondylitis is an inflammation of the vertebrae.

as an insured's inability to perform each of the main duties of her regular occupation. Following the passage of that twenty-four month period, Plaintiff claims she will remain totally disabled and eligible to receive additional benefits for her inability to work in any "gainful occupation," which is defined as her ability to earn a certain amount of her pre-disability earnings. The Social Security Administration has deemed Plaintiff incapable of working in any occupation and has designated her disabled as of December 5, 2012.

Lincoln denied Plaintiff's first claim on March 18, 2013. Plaintiff alleges that Lincoln hired a third party to find a "reasonable" basis for denying the claim. She asserts that the third party misclassified her job as "light" even though her employer provided documentation showing that she performed heavy lifting. Plaintiff appealed the denial with the assistance of counsel and submitted additional evidence of her disabilities, but Lincoln denied the claim again on November 1, 2013. She appealed a second time, presenting years of medical record evidence to satisfy Lincoln, but Lincoln denied the claim a third time on July 9, 2014. She alleges that Lincoln concocted new reasons to deny the claim each time she appealed.

Plaintiff asserts that Lincoln is a Plan fiduciary charged with certain duties under ERISA and that Lincoln has breached several of its duties. She also alleges that Lincoln is a *de facto* Plan administrator, and that it failed to provide requested

documents to her, pursuant to federal law, which supported its decisions to deny benefits. The complaint does not set out numbered counts against Defendants. Plaintiff seeks to recover "all benefits under the Plan to which she may be entitled," "waiver of premium benefits under disability, life, accidental death and dismemberment or accident policies," and "any other benefits available through [t]he Plan." (Doc. # 1, at ¶ 2.) Plaintiff further seeks an award of past benefits, prejudgment interest, costs and expenses including attorney's fees, a declaratory judgment concerning Plaintiff's entitlement to future benefits, and other injunctive relief. (*See* Doc. # 1, at 17–18.) She requests, as an alternative form of relief, that the court "remove Lincoln from its fiduciary role in the administration of [t]he Plan(s), and to appoint a special master to substitute for [Lincoln]." (Doc. # 1, at 17–18.)

## IV. DISCUSSION

### A. <u>Failure to State Claims Against the Plans</u>

#### 1. *The Arguments*

The Plans contend that all of Plaintiff's complaints are directed at Lincoln and that there is no factual basis to support the Plans' joinder as defendants in this action because Lincoln made all of the relevant decisions to deny Plaintiff's claims for disability benefits.

Plaintiff responds that the Plans are "ultimately charged with the responsibility of providing the benefits at issue after the [plan] administrator . . . determines the participant's eligibility." (Doc. # 14, at 6.)  She asserts that while "ERISA Plans may contract with insurers like Lincoln to administer and pay the Plans' liability, the Plans' liability is forever the Plans' liability." (Doc. # 14, at 6.) Plaintiff concedes that the Plans may at some point be dismissed from the case, but that such a decision cannot be made until the Plans produce certain documents to her.  It is possible, she says, that she may be "entitled to other benefits that are *in addition* to her disability income protection benefit" for which the Plans "*are* involved or at least ultimately responsible." (Doc. # 14, at 9.)  This possibility of the Plans' liability, she argues, is "implicit in all of [her] allegations about her disability income protection benefit insured by Lincoln."  (Doc. # 14, at 10 n.5.) She also posits that it is possible that "the document or instrument establishing the terms for Plaintiff's disability income protection benefit conflicts with the terms of coverage provided by Lincoln, such that [she] is entitled to receive this benefit from the Plans." (Doc. # 14, at 9.)  Plaintiff avers that she anticipated this possibility by requesting generally "an order requiring Defendant[s] to provide [her] with any additional benefits to which [she] would be entitled. . . ." (Doc. # 1, at 18 ¶ g.)

In reply, Defendants note that Plaintiff failed to respond to or contradict any of the various cases cited in their motion to dismiss, each of which supports the proposition that an ERISA plan is not a proper defendant where the insurer administers the plan's benefits. Defendant further contends that "Plaintiff's response focuses on possibility instead of plausibility," and that Rule 8 requires allegations that plausibly give rise to entitlement to relief. (Doc. # 17, at 3.)

## 2. *Analysis*

In *Peters v. Hartford Life & Accident Insurance Co.*, 367 F. App'x 69, 71 (11th Cir. 2010), *opinion vacated on reconsideration*, No. 08-16070, 2014 WL 4441213 (11th Cir. Sept. 10, 2014), the Circuit affirmed a district court's dismissal of a plaintiff's employer on the grounds that "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Id.* (citing *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997)).[4] The question is, therefore, whether the Plans must be joined in the absence of any allegation of wrongdoing on their part.

In two recent decisions from the Northern District of Alabama, *Smith v. Life Ins. Co. of N. Am.*, No. 1:13-CV-2047-VEH, 2014 WL 1330936, at *3 (N.D. Ala. Mar. 31, 2014), *Caudle v. Life Ins. Co. of N. Am.*, No. 1:14-CV-545-VEH, 2014

---

[4] The Eleventh Circuit recalled its mandate and vacated the 2010 *Peters* opinion after a member of the original panel discovered that he had a conflict of interest at the time that he participated in the case. *Peters*, 2014 WL 4441213, at *1. After the newly constituted panel reviewed the case, it also affirmed the district court's dismissal of the employer.

WL 2999178, at *3 (N.D. Ala. June 27, 2014), Judge Hopkins dismissed without prejudice employer plans as defendants from the cases where the plaintiffs' complaints failed to plausibly assign any wrongdoing to the plans.[5]

Upon consideration of the case authorities cited by Defendants and the Rule 8 pleading standard elucidated by the Supreme Court in *Twombly* and *Iqbal*, the court concludes that the Plans are due to be dismissed without prejudice because Plaintiff has not alleged sufficient facts to support their joinder in this action.  If Plaintiff becomes aware of facts supporting her causes of action against the Plans, she may move for leave to amend her complaint.

**B.     Failure to State a Claim for Breach of Fiduciary Duty**

### 1.     *The Arguments*

Lincoln argues that the court should dismiss Plaintiff's breach of fiduciary duty claim, arising under Section 502(a)(3), because a Section 502(a)(3) claim is not allowed when a plaintiff has an adequate ERISA remedy for the recovery of benefits under Section 502(a)(1)(B).  Notably, Plaintiff's complaint lacks any enumerated counts to indicate that she has alleged discrete causes of action under certain sections of ERISA.  She does allege, however, that Lincoln breached fiduciary duties owed to her.  (Doc. # 1, at ¶¶ 54, 56, 75–76.)

---

[5] Defendants note that Plaintiff's counsel in this action served as the plaintiffs' counsel in both *Smith* and *Caudle*.

Plaintiff first responds by generally arguing that the Federal Rules of Civil Procedure permit her to plead claims or theories of liability in the alternative. (Doc. # 14, at 14 (citing Fed. R. Civ. P. 8(a)(3), which allows for the pleading party's "demand for the relief" to "include relief in the alternative or different types of relief").)  She notes that other courts, including this one, have allowed ERISA plaintiffs to raise dual claims at the pleading stage, even though they would ultimately be barred from recovering under both (a)(1)(B) and (a)(3) at summary judgment or trial.  *See Silva v. Metro. Life Ins. Co*., 762 F.3d 711, 726 (8th Cir. 2014) (citing *Black v. Long Term Disability Ins.*, 373 F. Supp. 2d 897, 902–03 (E.D. Wis. 2005)); *Poole v. Life Ins. Co. of N. Am.*, 984 F. Supp. 2d 1179, 1188 (M.D. Ala. 2013) (Watkins, J.).[6]

Secondly, Plaintiff responds more specifically that the "equitable reliefs" she seeks – namely that Lincoln be removed and replaced as the administrator and that the court issue an affirmative injunction against Lincoln requiring it to follow ERISA – "are uniquely § 502(a)(3) remedies" that "are not available under § 502(a)(1)(B)" and which cannot be supplanted by an award of benefits. (Doc. # 14, at 19.)

---

[6] In *Poole*, this court relied on *Jones v. American General Life & Accident Insurance Co.*, 370 F.3d 1065, 1069 (11th Cir. 2004), to permit alternative pleading where the plaintiff pleaded allegations of breach of fiduciary duty that were factually distinct from allegations of failure to pay benefits.  984 F. Supp. 2d at 1188.

These requested equitable *remedies* are distinct from *a cause of action* for breach of fiduciary duty under Section 502(a)(3), which is what Defendants want dismissed from this case.  Thus, Defendants reply that Plaintiff misrepresents the issue and ignores Eleventh Circuit precedent.  Defendants emphasize the directive in *Jones* that "the district court should . . . consider[ ] whether the allegations supporting the Section 502(a)(3) claim [a]re also sufficient to state a cause of action under Section 502(a)(1)(B), regardless of the relief sought."  370 F.3d at 1073.  (*See* Doc. # 17, at 4–5.)

## 2.    *Analysis*

Claims for the recovery of benefits arise under Section 502(a)(1)(B) of ERISA.   29 U.S.C. § 1132(a)(1)(B) (allowing plan beneficiaries "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan").   Claims for equitable relief arise under Section 502(a)(3).   *Id.* at § 1132(a)(3) (allowing plan beneficiaries "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan").

"Section 502(a)(3) is a 'catchall' provision that authorizes only 'appropriate' equitable relief, and, thus, 'where Congress elsewhere provided adequate relief for

a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"  *Jones*, 370 F.3d at 1073 (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996)).  In *Varity*, the Supreme Court held that an ERISA plan participant can sue to recover equitable relief for breach of fiduciary duty if there is no relief available to her under another subprovision of Section 502(a).

The Eleventh Circuit has interpreted *Varity* to restrict "an ERISA plaintiff who has an adequate remedy under Section 502(a)(1)(B)" from "alternatively plead[ing] and proceed[ing] under Section 502(a)(3)."  *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003).  But as the *Jones* court explained, "the relevant concern in *Varity*, in considering whether the plaintiffs had stated a claim under Section 502(a)(3), was whether the plaintiffs also had a cause of action, *based on the same allegations*, under Section 502(a)(1)(B) or ERISA's other more specific remedial provisions."  *Jones*, 370 F.3d at 1073 (emphasis added).  And so the question is "whether the factual predicate for [Plaintiff's] claim could have supported a cause of action under § 1132(a)(1)(B)."  *Tebbetts v. Blue Cross Blue Shield of Ala.*, No. 2:07-CV-925-MEF, 2009 WL 1850537, at *4 (M.D. Ala. June 26, 2009).

Upon review of the allegations in Plaintiff's complaint relating to Lincoln's alleged breaches of its fiduciary duties, particularly Plaintiff's detailed allegations

in Paragraphs 54(a)–(i), the court concludes that the same factual predicate supports Plaintiff's 502(a)(1)(B) action to recover benefits, to enforce rights, and to clarify rights to future benefits.  Defendants are correct that Plaintiff may not raise a separate cause of action under Section 502(a)(3) for breach of fiduciary duty, and any breach of fiduciary duty claim is therefore due to be dismissed.

As for Plaintiff's arguments that she is entitled to seek certain "equitable reliefs" per Section 502(a)(3) which are unavailable under Section 502(a)(1)(B), the court declines to determine at this juncture whether all of the forms of relief sought in the complaint are allowable, because:  (1) Defendants have not asked the court to resolve the question; (2) Defendants have not replied fully to Plaintiff's contentions; and (3) there is no need to resolve the question prior to a decision on the merits.

**C.    <u>Failure to State a Claim Against Lincoln for Not Providing Documents</u>**

**1.    *The Arguments***

Finally, Lincoln argues that Plaintiff's claims under ERISA for failure to furnish documents are due to be dismissed because such claims are properly raised against plan administrators.  Lincoln points out that Plaintiff's Long Term Disability Insurance Summary Plan Description (hereinafter "the SPD") identifies Gilliard as the Plan Administrator.  (*See* Doc. # 9-1.)  Lincoln contends that this court may consider the SPD when ruling on the motion to dismiss because the

document is central to Plaintiff's claim and its authenticity is unchallenged.  (*See* Doc. # 9, at 6 (citing *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)).)

Plaintiff counters that Defendants are holding her "to a fact pleading requirement instead of a notice pleading requirement."  (Doc. # 14, at 10.)  She goes on to explain which ERISA regulations support her claim.  Further, Plaintiff strongly protests the court's consideration of the SPD and moves to strike it from the record.  (Doc. # 15.)  She challenges the authenticity of the document because it has not been previously produced and is not "part of the ERISA record."  (Doc. # 15, at 2.)

Lincoln replies that Plaintiff fails to respond to its argument and that she does not deny that the SPD does not name Lincoln as plan administrator.  With respect to Plaintiff's motion to strike the SPD, Defendants assert that Rule 12(f) applies only to pleadings – not motions or supporting documents.  (Doc. # 18, at 1.)

### 2.    *Analysis*

ERISA defines "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated."  29 U.S.C. § 1002(16)(A).  Section 104(b)(4) requires that

> [t]he administrator shall, upon written request of any participant or
> beneficiary, furnish a copy of the latest updated summary, plan

description,[7] and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

29 U.S.C. § 1024(b)(4).  Under Section 502(c)(1)(B),

> [a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal. . . .

29 U.S.C. § 1132(c)(1)(B).  The Eleventh Circuit has held that "the statute only permits an award of penalties against the plan administrator." *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1270 (11th Cir. 2008).

Although she does not raise the issue, the court notes that Plaintiff has alleged that Lincoln is the *de facto* plan administrator.  (Doc. # 1, at ¶¶ 81, 84.)  A *de facto* plan administrator – *i.e.*, one who assumes responsibility for or controls the provision of plan documents and information – can be a proper defendant.  *See Rosen v. TRW, Inc.*, 979 F.2d 191, 193–194 (11th Cir. 1992) ("[I]f a company is administrating the plan, then it can be held liable for ERISA violations, regardless of the provisions of the plan document."); *Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 914 (11th Cir. 1997) (reaffirming the possibility that an entity not named

---

[7] The placement of the comma after "summary" is in the original text of the statute, but is most likely an error.

as plan administrator by a plan document may still act in that role).  The question of whether a defendant is acting as plan administrator is fact intensive and better decided at a later stage of this litigation.  Accordingly, Lincoln's motion to dismiss Plaintiff's Section 502(c)(1)(B) claims against it is due to be denied.  Further, Plaintiff's motion to strike Document 9-1 is due to be denied as lacking a legal basis.

## V.  CONCLUSION

In accordance with the foregoing analysis, it is ORDERED that:

1.      Defendants' motion to dismiss (Doc. # 9) is GRANTED to the extent that Plaintiff's claims against Gilliard Health Services, Inc. Disability Plan (Plan 504) and Gilliard Health Services, Inc. Group Term Life Plan (Plan 503) are DISMISSED without prejudice;

2.      The Plans are DISMISSED from the case as Defendants;

3.      Defendants' motion to dismiss (Doc. # 9) is GRANTED to the extent that Plaintiff's claim against Lincoln for breach of fiduciary duty arising under Section 502(a)(3) is DISMISSED with prejudice;

4.      Defendants' motion to dismiss (Doc. # 9) is DENIED with respect to Plaintiff's Section 502(c)(1)(B) claim against Lincoln.

5.      Plaintiff's motion to strike (Doc. # 15) is DENIED.

DONE this 5th day of December, 2014.

                                    /s/ W. Keith Watkins
                        CHIEF UNITED STATES DISTRICT JUDGE