IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSAN TILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:14-CV-721-WKW ) [WO] |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment (Doc. # 79), to which Defendant Lincoln National Life Insurance Company's ("Lincoln") filed a response (Doc. # 81). Plaintiff filed a Reply. (Doc. # 82.) Upon consideration of the record, the arguments of counsel, and the relevant law, the motion is due to be denied.

### I.  BACKGROUND

The circumstances giving rise to this case have been addressed in prior opinions. (*See, e.g.,* Doc. # 77.) Briefly, Plaintiff Susan Till has a history of back problems and has been unable to work since December 5, 2012, when she exacerbated her back condition. She applied for long term disability benefits under an ERISA disability plan through Lincoln and funded by her employer. Lincoln denied her application for benefits. Plaintiff administratively appealed the decision

twice, and both appeals upheld the denial of benefits.  Plaintiff then filed this lawsuit seeking to recover her benefits under the plan.

Both parties filed motions for summary judgment.  By order entered April 25, 2016, the court denied Plaintiff's motion for summary judgment and entered summary judgment in favor of Lincoln.  The court determined that, based on the administrative record, Lincoln provided Plaintiff with a full and fair review of her claim and that its decision to deny benefits was not arbitrary and capricious.

## II.  DISCUSSION

In the motion now before the court, Plaintiff seeks relief, pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, from the Order granting summary judgment in favor of Lincoln.  The motion will be discussed as it relates to Rules 59 and 60 respectively.

A.   **Plaintiff Is Not Entitled to Rule 59 Relief.**

"The decision to alter or amend a judgment is committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).  The alteration or amendment of a judgment pursuant to Rule 59 is an extraordinary remedy to be granted only under limited circumstances.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  It cannot be used as a vehicle to reexamine resolved matters, raise new arguments, or present evidence that was previously available.  *Id.*  To justify Rule 59 relief, the moving party must show that

(1) there has been an intervening change in controlling law, (2) there is newly available evidence, or (3) there are clear errors of law or fact to be corrected. *Pennington v. Colvin*, No. 3:12-CV-4191-SLB, 2014 WL 7178368, at *1 (N.D. Ala. Dec. 16, 2014).

Plaintiff has not shown that she is entitled to relief from the judgment under Rule 59. Plaintiff points to no intervening change in law since the entry of judgment. Nor has Plaintiff referred to any evidence justifying this extraordinary request. The factual assertions set forth in the motion derive solely from the administrative record, which was thoroughly considered by the court during its review of the record and the parties' arguments on the motions for summary judgment.

With respect to errors of fact, Plaintiff makes essentially the same arguments she made in her briefings on the motions for summary judgment. (*Compare* Doc. # 82, at 1–2 (listing Plaintiff's asserted demonstrations of "clear error"), *with*, *e.g.*, Doc. # 64-1, at 2–9 (making similar arguments).) To the extent that Plaintiff presents new arguments, they are based on the same evidence and facts that were presented in the administrative record and briefings on the motions for summary judgment. Plaintiff does not explain why her arguments were not previously made. *See O'Neal*, 958 F.2d at 1047 ("Denial of a motion to amend is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'"). The court already considered and resolved these

matters, and Plaintiff does not provide new evidence or argument that demonstrates that the court's factual findings are clear error.

Plaintiff argues that the Eleventh Circuit's six-step analysis errs in its consideration of a conflict of interest and that this court should reject that standard. This court does not have the discretion, however, to ignore binding Eleventh Circuit precedent, "much less overrule a previous Eleventh Circuit decision." *Weaver v. Madison City Bd. of Educ.*, 947 F. Supp. 2d 1308, 1315–16 (N.D. Ala. 2013). Because Plaintiff has not demonstrated grounds for Rule 59 relief, her motion is due to be denied.

**B.** <u>**Plaintiff Is Not Entitled to Rule 60 Relief.**</u>

Plaintiff's motion is likewise inadequate to justify relief under Rule 60. Rule 60(a) allows for the correction of mere clerical mistakes arising from "oversight or omission." *Fed. Home Loan Mortg. Corp. v. Matassino*, 517 F. App'x 687, 688 (11th Cir. 2013). Rule 60(b) provides that a party may be relieved from a judgment because of mistake, newly discovered evidence, fraud, misconduct, a void judgment, or satisfaction of a judgment. Fed. R. Civ. P. 60(b). The circumstances do not fit any of these Rule 60 conditions, nor does Plaintiff attempt to assert that they do. (Doc. # 79, at 1 (asserting "clear error and manifest injustice" as the basis for her Rule 60 motion).)

4

Nothing about the errors alleged in Plaintiff's motion can be characterized as clerical. *See Matassino*, 517 F. App'x at 688. Nor has Plaintiff brought forth any newly discovered evidence bearing on the issues decided in the court's order. *See* Fed. R. Civ. P. 60(b)(2); Part II.A, *supra*. It also is clear that this is not a situation in which Plaintiff seeks relief from a satisfied judgment. *See* Fed. R. Civ. P. 60(b)(5).

Furthermore, Plaintiff has not contended that the judgment was procured through fraud, mistake, misrepresentation, or misconduct by the opposing party. *See* Fed. R. Civ. P. 60(b)(3). And she does not assert that the judgment is void because it is based on a jurisdictional error or violation of due process. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269–70 (2010); Fed. R. Civ. P. 60(b)(4). Because Plaintiff does not present any grounds that warrant relief under Rule 60, Plaintiff's motion is due to be denied.

### III.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment (Doc. # 79) is DENIED.

DONE this 7th day of June, 2016.

                                              /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE